UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ARTURO R., | Case No.: 20-cv-2386-AGS |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2), DISMISSING THE COMPLAINT WITHOUT PREJUDICE, AND CLOSING THE CASE, WITH LEAVE TO AMEND** |
| v. | |
| UNITED STATES FEDERAL GOVERNMENT, | |
| Defendant. | |

Plaintiff moves to proceed in forma pauperis (IFP). While plaintiff qualifies to proceed without paying the initial filing fee, his complaint fails to state a claim for relief. So, the Court grants plaintiff's IFP motion but dismisses the complaint without prejudice.

**Motion to Proceed In Forma Pauperis**

Typically, parties instituting a civil action in a United States district court must pay a filing fee of $402. 28 U.S.C. § 1914(a)[1]. But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, plaintiff receives $1,348 a month in unemployment, although this will soon drop to only $668 in Pandemic Unemployment Insurance. (ECF 2, at 2.) His expenses are currently $1,204, which includes $600 a month for his room. (*Id.*, at 4.) Plaintiff indicates

---

[1] In addition to the $350 statutory fee, civil litigants must pay an administrative fee of $52. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

that he will be homeless starting in January. (*Id.*, at 5.) The Court finds that plaintiff has sufficiently shown an inability to pay the initial $402 fee.

## 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff's complaint does not meet the required elements to survive a § 1915(e) screening. Plaintiff states that his application for disability insurance was denied, and that a federal judge ruled there were "60,000 jobs" across the country he could possibly perform. (ECF 1, at 3-4.) But these facts do not establish that plaintiff has exhausted his administrative remedies under 42 U.S.C. §405(g). Plaintiff also does not explicitly indicate the judicial district in which he resides, although the complaint lists San Diego as the "county of residence," and his address is a P.O. Box in Chula Vista. (ECF 1, at 1; ECF 1-1, at 1.) Plaintiff does state the nature of his disability:  he suffered a back injury in 2001, later exacerbated by a slip and fall that damaged his "lumbars," upper back, and "cervicals." (ECF 1, at 3-4.) Plaintiff now experiences pain "24/7." (*Id.*) However, plaintiff does not identify the nature of his disagreement with the Social Security Administration's

determination. (*Id.*) Because plaintiff's complaint does not meet the first, second, and fourth element to survive a § 1915(e) screening, plaintiff fails to state a claim.

## Conclusion

For the reasons set forth above, the Court grants plaintiff IFP status and waives the filing fee. But the complaint fails to state a claim and thus is dismissed without prejudice under § 1915(e). The Clerk is directed to close the case. Plaintiff may automatically reopen the case by submitting an amended complaint by January 11, 2021.

Dated:  December 8, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge